JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
AUG 25 1971
PATRICIA D. HOWARD
CLERK OF THE PANEL

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT NEW ORLEANS )
(MOISANT FIELD), LOUISIANA ON MARCH 20, )   DOCKET NO. 64
1969                                    )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This multidistrict air disaster litigation is being considered for transfer under 28 U.S.C. §1407 pursuant to a show cause order entered on December 16, 1970. A hearing was first set for January 22, 1971, in San Francisco, California but was later vacated at the request of counsel for all parties.

The hearing was rescheduled for February 26, 1971, in Washington, D.C. but counsel for the plaintiffs again moved to vacate the hearing "on the ground that most of the litigation involved in this proceeding is now in the process of being settled." The defendant, Avion Airways, Inc., supported the plaintiffs' motion to vacate the February hearing. Once again the hearing was vacated and counsel for the plaintiffs were directed to file a report with the Panel by

---

* Judges John Minor Wisdom and Joseph S. Lord, III, were unable to attend the hearing in this matter but, with the consent of all parties, participated in this decision.

April 1, 1971, indicating the status of all actions involved in this multidistrict litigation.

On March 16, 1971, plaintiffs filed their status report which revealed that none of the cases had been settled and dismissed although the parties were said to have agreed to settle most of the cases "subject to agreement on the drafting of satisfactory closing papers." This matter was again reset for hearing on July 30, 1971, and once again the plaintiffs moved to vacate the hearing, this time on the ground "that some of the cases in this proceeding are in the process of being settled." This motion was denied and the matter was heard in Denver, Colorado on July 30, 1971.

Counsel representing the plaintiffs opposes transfer on the ground that all but four or five of the passenger-plaintiff claims are in the process of being settled and that the remaining litigation will undoubtedly take place in the Western District of Tennessee or in Tennessee State Courts. Counsel argues that the fact that the interpleader action filed by the insurance carrier is pending in the Southern District of Texas is not particularly relevant due to the fact that that action only involves the interpretation and effect of the insurance policy and does not require inquiry into the cause of the crash. Actions on behalf of all passenger-plaintiffs were also filed in the Southern District of Texas for "protective purposes" in the

- 3 -

event that personal jurisdiction over the defendants cannot be obtained under the Tennessee long-arm statute. Counsel contends that transfer of these cases is "not necessary" due to the unlikelihood that any further proceedings will be required in them. Since the majority of the plaintiffs are represented by specialized counsel from New York, it is asserted that duplications and overlapping discovery can be readily avoided without the need for transfer under section 1407. The defendants basically share the view expressed by the plaintiffs.

The thrust of this argument is that this litigation can be adequately controlled without transfer under section 1407 although none of the parties have shown any reason why any of them would be inconvenienced in any way by transfer under section 1407. The parties concede that with the possible exception of the interpleader action[1], all actions share common questions of fact relating to the cause of the crash. The parties seem to agree that there will have to be a trial of certain of these actions since the insurance coverage is not sufficient to cover the claims of all passenger-plaintiffs and it is probable that the trial will take place in the Western District of

---

[1] It would seem that even the interpleader action would involve some development of the facts relating to the cause of the crash.

- 4 -

Tennessee.[2] We simply can find no basis for the contention that this litigation would proceed more expeditiously, more economically, and more efficiently with these cases scattered among the federal and state courts in Tennessee and Texas. This litigation has already been pending for more than a year and a half and virtually no discovery has taken place. Transfer of these cases has been delayed at the insistence of the plaintiffs for more than six months on the ground that these cases were being settled. It seems apparent that this litigation is not progressing as rapidly as it should be. The control which can be exercised by a single transferee judge should help to remedy this situation.

IT IS THEREFORE ORDERED that the actions on the attached Schedule A now pending in the Southern District of Texas be and the same hereby are transferred to the Western District of Tennessee and with the consent of that Court are hereby assigned to the Honorable Robert M. McRae, Jr., for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

---

[2] All parties agree that if there is to be a transfer under section 1407, the Western District of Tennessee is the most appropriate transferee district.

DOCKET NO. 64                                                    SCHEDULE A

## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Mary I. Cates, et al. v. United States of America | Civil Action No. C-70-485 |
| Lois L. Tennyson, et al. v. United States of America | Civil Action No. C-71-18 |
| Anne C. Jackson, et al. v. United States of America | Civil Action No. C-71-19 |
| Addile Stovall Martin, et al. v. United States of America | Civil Action No. C-71-28 |

## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Van W. Walton v. Avion Airways, Inc. et al. | Civil Action No. 70-H-247 |
| Anne C. Jackson, et al. v. Avion Airways, Inc., et al. | Civil Action No. 70-H-246 |
| Lois E. Tennyson, et al. v. Avion Airways Inc., et al. | Civil Action No. 70-H-245 |
| Addile W. Stovall, etc. v. Avion Airways, Inc., et al. | Civil Action No. 70-H-244 |
| Mary I. Cates, et al. v. Avion Airways, Inc., et al. | Civil Action No. 70-H-238 |
| The Orion Insurance Co., Ltd., etc. v. Martha G. Baber, etc., et al. | Civil Action No. 70-H-947 |